**Tarlochan JAGPAL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71151.

INS No. A90–206–109.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 2001 *.

Decided July 17, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

## MEMORANDUM [**]

We have jurisdiction under former 8 U.S.C. § 1105a(a), and we deny the petition.

■ Contrary to Petitioner's argument, it was not the burden of the Immigration and Naturalization Service ("INS") to establish that he had a reason for staying in India that contradicted his statements that he did not intend to abandon his permanent resident status.[1] Further, Petitioner believed that the lawsuit against the tenants of his family's property in India could go on indefinitely. Thus, Petitioner's stated reason for his visits to India, to oversee that lawsuit, does not tend to show that, despite the duration of these visits, he did have a "continuous, uninterrupted intention" to return to the United States.[2] The relevant intent was not Petitioner's intent to return ultimately, but his intent to return to the United States within a relatively short period.[3]

■ Even if Petitioner's reason for his visits to India did tend to show that he had a "continuous, uninterrupted intention" to return to the United States, there is substantial evidence to support the BIA's determination that he abandoned his permanent resident status.[4] Petitioner testified that his wife and son lived in the family home he inherited from his father and that he lived in this home when he was in India as well.[5] And although Petitioner's wife and child were free to visit the United States while her visa was pending, they did not accompany him when he did return to

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. It was the INS's burden to show that Petitioner abandoned his permanent resident status. *Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997). Nothing in the decision of the Board of Immigration Appeals ("BIA") indicates that the BIA placed on Petitioner the burden of proving that he did not abandon his permanent resident status. Thus, we need only decide whether there was substantial evidence to support the BIA's determination that Petitioner abandoned his permanent resident status. *Chavez–Ramirez v. INS,* 792 F.2d 932, 937 (9th Cir.1986).

2. Petitioner's return was contingent upon the lawsuit ending, which, by his own testimony, was an event that had not yet occurred and was not fixed in time. However, this did not preclude his visit from being considered "temporary" for purposes of qualifying as a returning resident immigrant under 8 U.S.C. § 1181(b). *See Chavez–Ramirez,* 792 F.2d at 937 ("If … the length of an alien's visit is contingent upon the occurrence of an event and is not fixed in time and if the event does not occur within a relatively short period of time, the visit will be considered a 'temporary visit abroad' only if the alien has a continuous, uninterrupted intention to return to the United States during the entirety of his visit.").

Because the BIA failed to offer "specific, cogent reason[s]" for its evident disbelief of Petitioner's testimony, we accept as true that it was necessary for him to remain in India to oversee that lawsuit. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990) (internal quotation marks omitted).

3. *Singh,* 113 F.3d at 1514–16 (denying petition for review where petitioner "spent a sporadic amount of time in the United States until he could establish a permanent residence in this country at some indefinite time in the possibly distant future") (internal quotation marks omitted).

4. Under the substantial evidence standard, we must affirm the BIA's decision if its factual findings are supported by reasonable, substantial, and probative evidence in the record considered as a whole. 8 U.S.C. § 1105a(a)(4).

5. *See Chavez–Ramirez,* 792 F.2d at 937 (stating that petitioner's substantial or permanent ties to the foreign country may indicate that he intends to remain there).

the United States between 1989 and 1992. Additionally, Petitioner was not in the United States when he, his brothers, and their wives entered into a partnership agreement for their United States business of which Petitioner testified that he was an active part during his visits to India.[6] That is even more probative in light of the fact that Petitioner's income from the business dropped significantly from 1988 to 1990. Finally, Petitioner owned no property in the United States in his own name. Petitioner did testify that he and his brothers owned some property jointly, notwithstanding the lack of a deed in his name. Nonetheless, the fact that one brother transferred property to Petitioner, for no consideration, after exclusion proceedings were initiated diminishes the probative value of that testimony.[7]

We recognize that other evidence in the record tends to show that Petitioner did have a "continuous, uninterrupted intention" to return to the United States. However, this evidence does not compel the conclusion that Petitioner did not abandon his permanent resident status.[8] As a result, the petition is DENIED.

---

6. *See Singh*, 113 F.3d at 1516 (stating that where petitioner makes long trips abroad with no permanent employment to return to, these trips indicate that petitioner did not intend to return to the United States).

7. Had Petitioner and his brothers owned the partnership's property jointly before the proceeding, there would have been no need for such a transfer.

8. "To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Id.* at 1514 (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

